**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brad Charles FISHER, Defendant–**
**Appellant.**

**No. 13–30363.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 5, 2015.

Filed April 14, 2015.

Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, Chad Spraker, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Jason Trinity Holden, Faure Holden Attorneys at Law, P.C., Great Falls, MT, for Defendant–Appellant.

Before: FISHER, BEA and MURGUIA, Circuit Judges.

## MEMORANDUM *

Brad Fisher appeals his conviction for tax evasion under § 7201 of the Internal Revenue Code, 26 U.S.C. § 7201. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand.

Fisher raises a single issue on appeal, arguing the district court abused its discretion by denying his request to instruct the jury on willful failure to pay taxes under 26 U.S.C. § 7203 as a lesser included offense. "We review a district court's refusal to instruct on a lesser included offense using a two part test." *United States v. Hernandez*, 476 F.3d 791, 797 (9th Cir.2007). "First, 'the defendant must prove that the offense on which instruction is sought is a lesser-included offense of that charged.'" *Id.* (quoting *United States v. Fejes*, 232 F.3d 696, 703 (9th Cir.2000)). "This is reviewed de novo." *Id.* It is undisputed that § 7203 is a lesser included offense of § 7201. "Second, to warrant a lesser included offense instruction 'the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.'" *Id.* at 798 (quoting *Schmuck v. United States*, 489 U.S. 705, 716 n. 8, 109 S.Ct. 1443, 103

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

L.Ed.2d 734 (1989)). "We review this step of the inquiry for abuse of discretion." *Id.*

1. We hold that the district court abused its discretion by failing to give the lesser included offense instruction. Relying on *Sansone v. United States,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), the court concluded that a § 7203 instruction was not required, because: (1) the only element of § 7201 that was in dispute was willfulness; (2) the willfulness required for §§ 7201 and 7203 were the same; and, thus, (3) a rational jury could not convict on § 7203 without also convicting on § 7201.[1]

That, however, is precisely the reasoning we rejected in *United States v. DeTar,* 832 F.2d 1110, 1113–14 (9th Cir.1987). There we held that, for a conviction under § 7201, "there must be 'proof of willfulness in the sense of a specific intent to evade or defeat the tax or its payment.'" *Id.* at 1114 (quoting *Edwards v. United States,* 375 F.2d 862, 867 (9th Cir.1967)). Because § 7203, by contrast, requires only a knowing failure to pay a tax when due, *DeTar* held that it *is* possible for a rational jury to find both willfulness under § 7203 and the absence of willfulness under § 7201:

> a jury could find DeTar guilty of willful failure to pay because he had filed returns indicating a tax due [and] had not paid .... Such a finding would not have been logically inconsistent with a finding that DeTar lacked the specific intent to evade when he engaged in the additional conduct alleged by the government as a felony violation—conduct such as placing assets in trust and receiving only cash payments from patients.

*Id.* at 1114 n. 4.

2. We reject the government's argument that a § 7203 instruction was properly refused because no reasonable jury could have acquitted Fisher on the § 7201 charge while convicting him on the § 7203 charge. In determining whether to give a lesser included offense instruction, we "may not weigh the evidence." *Hernandez,* 476 F.3d at 800. Here, a rational jury could have found that Fisher knowingly and intentionally failed to pay his taxes when due (as required to violate § 7203) but nonetheless lacked the specific intent to evade those taxes (as required by § 7201). A rational jury also could have found that, although Fisher intended to *delay* payment, he did not intend to evade his tax obligations *permanently.* See *Edwards,* 375 F.2d at 867.

3. Finally, we reject the government's argument that the error was harmless. The jury was instructed on tax evasion under § 7201 and on the lesser included offense of willfully delivering a false statement to the Internal Revenue Service under § 7207. Both §§ 7201 and 7207 require an affirmative act in addition to the nonpayment of taxes. Without an instruction under § 7203, the jury did not learn that willful nonpayment of taxes alone is a crime. If the jury did not believe that Fisher engaged in any affirmative act (beyond mere nonpayment of taxes) in violation of a known duty, but still was reluctant to allow him to get away with ignoring his substantial tax liability, its guilty verdict may have been a

---

1. "The elements of attempted income tax evasion under 26 U.S.C. § 7201 are: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax." *United States v. Kayser,* 488 F.3d 1070, 1073 (9th Cir.2007). A failure-to-pay charge under § 7203 has two elements: "(1) willfulness and (2) failure to pay the tax when due." *United States v. DeTar,* 832 F.2d 1110, 1113 (9th Cir.1987) (*citing Sansone,* 380 U.S. at 351, 85 S.Ct. 1004).

compromise. This is sufficient prejudice to require reversal. *See Hernandez*, 476 F.3d at 801–02.[2]

**VACATED AND REMANDED.**

**2.** The government's argument that *DeTar*'s willfulness standard conflicts with *United States v. Bishop*, 412 U.S. 346, 360, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), *United States v. Pomponio*, 429 U.S. 10, 12, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976) (per curiam), and *Cheek v. United States*, 498 U.S. 192, 201, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991), is without merit. Those cases define willfulness as a voluntary, *intentional* violation of a known legal duty. *See Cheek*, 498 U.S. at 201, 111 S.Ct. 604. The legal duty at issue here is the duty not to attempt to evade taxes. Under *Cheek*, therefore, willfulness under § 7201 requires a specific intent to evade taxes, as *DeTar* holds.